**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LAKE, CDCR #AF-8850, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN DANIEL PARAMO; JOHN DOES, WARDEN JOHN DOE, CSP-LAC; PROPERTY ROOM CORRECTIONAL OFFICERS, <br><br> Defendants. | Case No.: 3:19-cv-00504-CAB-NLS <br><br> **ORDER DENYING MOTION FOR TRO/INJUNCTIVE RELIEF** <br><br> **(ECF No. 11)** |

**I.  Procedural History**

On March 13, 2019, John Lake ("Plaintiff"), a state inmate currently housed in the California State Prison - Los Angeles County ("CSP-LAC") located in Lancaster, California, and proceeding pro se, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  He later filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel. (*See* ECF Nos. 4, 5.)  On May 3, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP, DENIED his Motion to Appoint Counsel, and DISMISSED his Complaint for failing to state a claim. (*See* ECF No. 6 at 12-13.)  Plaintiff was given

1

thirty (30) days leave in which to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (*Id.*)

That time has since passed and Plaintiff has not filed an amended pleading. Instead, Plaintiff filed a "Petition for Extension of Time and Appointment of Counsel and Appointment of Investigator and Legal Runner." (ECF No. 8 at 1.) Plaintiff also sought "TRO/Injunctive relief." (*Id.*) The Court GRANTED Plaintiff an extension of time to file his amended pleading, DENIED his request for appointment of counsel and/or an investigator, and DENIED his Motion for TRO. (ECF No. 9.) On July 29, 2019, Plaintiff filed another "Request for TRO/Injunctive Relief." (ECF No. 11.)

## II. Motion for Temporary Restraining Order

Plaintiff's motion is mostly incoherent and rambling but he appears to claim that he will be subject to "great bodily injury" if he is housed on the "A" yard and requests "federal protection housing." (ECF No. 11 at 1-2.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

/ / /
/ / /
/ / /

The action before the Court is currently closed in light of the Court's May 3, 2019 Order dismissing the action for failing to state a claim and there is no operative pleading. (*See* ECF No. 6.) No Defendant has been served. Plaintiff is seeking injunctive relief that would require the Court to presume jurisdiction over parties who have not appeared in this action nor do they appear to have been notified of this action. The Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over CSP-LAC officials. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

As noted above, the Court has dismissed this entire action for failing to state a claim upon which relief could be granted and thus, Plaintiff has not shown that he is likely to succeed on the merits.

Accordingly, Plaintiff's Motion for Injunctive Relief is DENIED. (ECF No. 11.)

///
///
///

### III. Conclusion and Order

Good cause appearing, the Court:

**DENIES** Plaintiff's Motion for "TRO/Injunctive Relief" without prejudice (ECF No. 8).

**IT IS SO ORDERED**.

Dated: August 8, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge