UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAKE,<br>CDCR# AF-8850,<br><br>         Plaintiff,<br><br>  vs.<br><br>WARDEN DANIEL PARAMO, et al.,<br>         Defendants. | Case No. 3:19-cv-0504-CAB-NLS<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM;**<br><br>**(2) FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT; AND**<br><br>**(3) DENYING MOTIONS FOR INJUNCTIVE RELIEF AS MOOT** |

**I. Procedural History**

  John Lake ("Plaintiff"), a state inmate currently housed at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 on March 13, 2019. (*See* Compl., ECF No. 1.)

On May 3, 2019, the Court granted Plaintiff leave to proceed in forma pauperis, denied his motion to appoint counsel and dismissed his Complaint for failing to state any claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 6. Plaintiff was informed of his pleading deficiencies and granted thirty (30) days leave in which to file an Amended Complaint that fixed them. *Id.* at 12-13.

Plaintiff later filed a "Petition for Extension of Time, Appointment of Counsel" and sought a temporary restraining order. ECF No. 8. On July 16, 2019, the Court granted his request for an extension of time, denied his motion for appointment of counsel, and denied his request for injunctive relief. *See* ECF No. 9. Plaintiff was given an additional sixty (60) days leave to file his amended pleading. *See id.* at 4. Plaintiff filed a second "Motion for Temporary Restraining Order" which was denied by the Court on August 8, 2019. ECF Nos. 11, 12. Plaintiff has now filed two additional motions seeking injunctive relief. *See* ECF Nos. 14, 16.

However, more than two months have passed since the Court's July 16, 2019 Order, but to date, Plaintiff has failed to amend, and has not asked for an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum– either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's July 16, 2019 Order (ECF No. 9).

Plaintiff's "Relief Request Stay Order from Further Transfers" and "Motion to Request Renew Amended TRO/Injunctive Relief" are **DENIED** as moot. (ECF Nos. 14, 16.)

///

| | |
|---|---|
| 1 | The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith |
| 2 | pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of |
| 3 | dismissal and close the file. |
| 4 | **IT IS SO ORDERED**. |
| 5 | Dated: September 20, 2019 |

_____
Hon. Cathy Ann Bencivengo
United States District Judge